**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**ESTHER SALAS**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

January 28, 2026

**LETTER MEMORANDUM**

Re:   *Capital One, N.A. v. Wilson Baquero*,
         Civil Action No. 25-13704 (ES) (JBC)

Dear Litigants:

Before the Court is *pro se* Defendant Wilson Baquero's ("Mr. Baquero") Notice of Removal, (D.E. No. 1), and application to proceed *in forma pauperis* ("IFP"). (D.E. No. 1-1).

Mr. Baquero represents that Plaintiff Capital One, N.A. ("Capital One") commenced this action in the Superior Court of New Jersey, Union County Vicinage, Special Civil Part seeking to recover "an alleged credit card debt of approximately $3,765.98." (D.E. No. 1 ("Notice of Removal") ¶ 2).[1]   On July 23, 2025, Mr. Baquero removed Capital One's claims to federal court, (D.E. No. 1), and applied for leave to proceed IFP. (D.E. No. 1-1).

Pursuant to 28 U.S.C. § 1915, "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because his poverty makes it impossible for him to pay or secure the costs." *Adkins v. Dupont de Nemours & Co.*, 335 U.S. 331, 342 (1948).   In order to proceed IFP, a litigant must show that he "cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339 (citation modified).   Upon careful consideration of Mr. Baquero's IFP application, submitted under penalty of perjury, the Court finds that he cannot both pay the filing fee and still be able to provide himself with the necessities of life. Accordingly, the Court **GRANTS** Mr. Baquero's IFP application.

"[W]hen a person proceeds in forma pauperis, the statute instructs the District Court to 'dismiss the case *at any time* if the court determines that . . . [the complaint] fails to state a claim on which relief may be granted.'" *Harris v. Bennett*, 746 F. App'x 91, 93 (3d Cir. 2018) (quoting 28 U.S.C. § 1915(e)(2)(B)(ii)).   Courts have "the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019).   The Court must therefore review the Complaint *sua sponte* for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 8(a).   A district court shall dismiss a case that is "frivolous or malicious," "fails to state a claim upon which relief may

---

[1]   The Court relies on Defendant's representation on this point, as it does not appear that he included Capital One's Complaint with his Notice of Removal. (*See generally* D.E. No. 1).

be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). The legal standard for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) is the same as that applied under Federal Rule of Civil Procedure 12(b)(6). *See Shorter*, 12 F.4th at 371.

The Court also recognizes that it has an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *See Adamczewski v. Emerson Elec. Co.*, No. 10-4862, 2011 WL 1045162, at *1 (D.N.J. Mar. 22, 2011); *see also Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) ("Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'" (quoting *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977))).

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." If, however, "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* § 1447(c). "The removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap-On Tolls Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (internal quotations omitted). The party seeking to remove an action has the burden of proving that removal was proper. *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

Here, Plaintiff removed this case on the basis of "federal question" jurisdiction pursuant to 28 U.S.C. § 1331. (Notice of Removal at 2). That statute provides: "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "For federal jurisdiction to attach to state law claims, a substantial, disputed question of federal law must be a necessary element of a well-pleaded state claim." *Kalick v. United States*, 35 F. Supp. 3d 639, 645 (D.N.J. 2014) (first citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); and then citing *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983)), *aff'd*, 604 F. App'x 108 (3d Cir. 2015). "A conclusory allegation of federal question jurisdiction, untethered to some plausible federal statutory or constitutional basis, does not suffice to confer subject matter jurisdiction." *Id.* at 646. Indeed, "[t]he Supreme Court has explained that a court determines if there is federal question jurisdiction in removal cases by use of the well-pleaded complaint rule, which provides that there is federal question jurisdiction only when the face of a properly pleaded complaint asserts a federal question." *Deutsche Bank Nat'l Tr. Co. v. Harding*, 655 F. App'x 113, 114 (3d Cir. 2016) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Moreover, it "is well established [that] a federal question cannot be predicated on a defense or a counterclaim." *Id.* (citing *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009)).

As Mr. Baquero does not appear to have attached a copy of Capital One's Complaint to either his Notice of Removal or the "Notice to Correct the Record" he filed on August 4, 2025, (D.E. No. 3), the Court is unable to independently confirm whether original jurisdiction exists under the well-pleaded complaint rule. Even if the Court were to accept Mr. Baquero's representations regarding that pleading as true, (*see* Notice of Removal at 2) (stating that Capital

One seeks to recover "an alleged credit card debt of approximately $3,765.98"), it is evident that Capital One's claims do not provide a basis for subject matter jurisdiction under 28 U.S.C. § 1331. Rather, it appears that Mr. Baquero has based his removal on his counterclaims, several of which purportedly arise under federal statutory law. (Notice of Removal at 2–6). As noted above, counterclaims do not provide a basis for removal on federal question grounds.

Finally, while Mr. Baquero has not cited 28 U.S.C. § 1332 as a basis for subject matter jurisdiction, the Court will nevertheless consider its applicability in the interests of justice. That statute provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). Even if the Court were to assume that Mr. Baquero and Capital One are citizens of different states, Capital One's claims—seeking recovery of "approximately $3765.98" (Notice of Removal at 2)—do not come close to satisfying the statute's amount-in-controversy requirement.

As Mr. Baquero has not established that the Court has subject matter jurisdiction over Capital One's claims, the Court must remand this matter to the Superior Court of New Jersey.

An appropriate Order accompanies this Letter Memorandum.

<i>s/ Esther Salas</i><br>
<b>Esther Salas, U.S.D.J.</b>